IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SAMUEL ROBINSON, *et al.*, on behalf of themselves and a class of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HAMILTON COUNTY SHERIFF JIM NEIL,<br><br>Defendant. | Case No. 1:17-cv-652<br><br>Judge Susan J. Dlott<br><br>Magistrate Judge Karen Litkovitz<br><br>AGREED ORDER SETTLING COUNT II AND ISSUING INJUNCTION |

The parties to this litigation agree and the court finds the following facts:

A. The issues in this case began when Sheriff Neil issued a declaration of an emergency due to overcrowding at the Hamilton County Justice Center as provided by Ohio Law. Following the Declaration of the Emergency, Sheriff Neil put in place certain changes in the facilities and operation of the Hamilton County Justice Center to alleviate the issues created by overcrowding.

B. On September 28, 2017, Plaintiff Samuel Robinson filed a suit alleging that the changes made by Sheriff Neil were inadequate to relieve overcrowding and that the Hamilton County Justice Center continues to be overcrowded as prohibited by the Eighth Amendment to the United States Constitution. Sheriff Neil denies the claims of Plaintiff Robinson and the additional Plaintiffs who have been added to the litigation by two Amended Complaints.

C. The Hamilton County Justice Center was subject to a prior consent decree that expired a decade before this litigation began. Among other things, the prior Consent Decree resulted in the use by Sheriff Neil of the National Institute of Corrections (NIC) classification system

and various early release policies to prevent constitutionally prohibited overcrowding at the Hamilton County Justice Center.

D. As a result of the 2008 recession, an additional jail facility in Hamilton County was closed and additional early release policies were established to prevent constitutionally deficient overcrowding at the Hamilton County Justice Center.

E. All of these early release policies are attached hereto as Exhibits 1 through 7.

F. While most of these early release policies have been authorized by Ohio courts, others were not. Recently the Ohio First District Court of Appeals held that one of these early release policies violated Ohio law. The most effective of these early release policies employed by Sheriff Neil, "Pre-trial Release," appears to violate Ohio Law. Essentially, this program releases inmates for whom bonds are set by Judges of the Hamilton County Courts who have not, or are unable, to post those bonds.

G. There are two populations housed in the Hamilton County Justice Center. "Detention Inmates" are inmates who have been arrested, delivered to the Intake area of the Hamilton County Justice Center, and held pending the Initial Appearance before a Judge of the Hamilton County Municipal Court. The Initial Appearance occurs within two days of the inmate's arrest. "Population Inmates" are inmates serving a sentence or held in lieu of a bond being posted for their release. Population Inmates are held for longer periods of time, generally until their sentences expire or the trial court proceedings are completed.

H. Sheriff Neil has used temporary beds, called "Boats," which sit on the floor in common areas of the Hamilton County Justice Center when the number of inmates exceeds the number of available beds in cells as determined by application of the NIC classification system to the current population. The Parties' expectation is that the use of Boats, other

than use associated with unusual circumstances such as an arrest occasioned by a mass civil unrest scenario, would be reduced or eliminated from the day to day operations of the Justice Center given plans to expand the physical capacity of the Justice Center over the next two-year period. The Parties agree that the use of Boats in the day to day operation of the Justice Center will be reconsidered in light of any change of circumstances occurring over the next two years following the effective date of this Consent Agreement.

I. Sheriff Neil has discussed with the Hamilton County Commissioners the creation of an additional facility to be constructed that would increase treatment and housing space for Hamilton County's inmate population. Additionally, Hamilton County has just received a capital grant from the State of Ohio for the build out of existing space in the Hamilton County Justice Center to increase treatment and housing space for Hamilton County inmates. This project is spearheaded by the Hamilton County Commissioners with the cooperation of the Hamilton County Sheriff's Office. The current projected completion date for this project is July 2020.

J. Based upon these facts which are agreed to by the parties and found by the Court, certain orders are required to prevent any future overcrowding at the Hamilton County Justice Center as prohibited by the Eighth Amendment to the United States Constitution.

**THEREFORE, IT IS ORDER OF THIS COURT THAT:**

1. Plaintiffs' claims against Sheriff Neil in his individual capacity are dismissed.

2. Sheriff Neil is enjoined from terminating any of the release programs set out in Exhibits 1 through 7.

3. Sheriff Neil is enjoined from allowing the number of Population Inmates that exceed all of the following:

a. The number of inmates that may be housed in the available cells as dictated on a daily basis by the application of the NIC classification system.

b. The number of Boats in use does not exceed 10 in any Unit in the Hamilton County Justice Center housing Population Inmates. The Boats shall only be used in 16 and 24 cell pods. In each 16 cell pod the limit shall be 4 Boats. In each 24 cell pod, the limit shall be 6 Boats. Use of Boats in excess of these limitations will trigger the provisions set forth in paragraphs 9 and 10 below.

4. No inmate remains on a Boat for more than 5 consecutive days in any month.

5. As an additional security measure when Boats are in use, the Sheriff shall assign an additional deputy to the standard staff of 3 deputies on each floor where such Boats are in use, thereby bringing the staff in those areas to 4 officers.

6. No inmate who has a physical condition that would prevent sleeping in a Boat shall be assigned to sleep in a Boat.

7. Boats shall not be utilized in either the psych or medical units.

8. Should the number of Population Inmates exceed the number meeting the conditions set out in Paragraph 3 of this Order, the Sheriff shall: (a) transfer the excess number of Population Inmates to another jail facility; (b) ignore the bond cap set out in the Pre-Trial Release policy set out in Exhibit 1 attached hereto; or (c) do both (a) and (b) of this paragraph.

9. Should application of the remedies set out in Paragraph 8 fail to return the Hamilton County Justice Center to compliance with this Order, the Sheriff shall cease admitting new Population Inmates to the Hamilton County Justice Center and seek further direction from this Court.

10. The Sheriff shall provide—upon request by Plaintiffs' counsel—the daily count of inmates as well as the daily list of housing assignments of inmates in the Hamilton County Justice Center.

11. The Sheriff shall provide all Population Inmates entering the Hamilton County Justice Center a copy of Paragraph 3 of this order and shall provide any grievance filed by an inmate concerning housing on a Boat to Plaintiffs' counsel.

12. The Sheriff shall provide to Plaintiffs' counsel a copy of any report or recommendation made by the National Commission on Correctional Health Care respecting the Hamilton County Justice Center, and will further provide any report detailing corrective action taken regarding health care services as recommended by the National Commission on Correctional Health Care at the Justice Center.

13. The parties agree that Dr. James Austin shall be appointed as the Court's expert witness and shall report to the Court: (a) whether the classification system employed by the Sheriff is being properly implemented by the Sheriff; (b) to evaluate the current release programs and protocols set out in this Consent Decree and to determine whether additional release policies and/or protocols should be ordered by the Court to alleviate overcrowding; and (c) to recommend any other action which the Sheriff could take to alleviate overcrowding in the jail, including an assessment of the adequacy of the Justice Center to house the offender population of Hamilton County that should properly be incarcerated rather than released by the Sheriff. The Sheriff shall provide the expert with such information as necessary for Dr. Austin to advise the Court on these subjects. The costs of Dr. Austin's work shall be borne by the Sheriff in an amount not to exceed $30,000.00.

14. An exception to these provisions is allowable when "special circumstances" occur [an identifiable event or occurrence], so long as the inmate population is reduced to the cap level in Paragraph 3 above within 14 days of the occurrence or event constituting the "special circumstance."

15. Either party may seek modification or termination of the injunctive relief granted by this Order based upon a change in circumstances, such as construction of new jail space used for housing inmates by the Hamilton County Sheriff or if the relief granted by this Order proves inadequate to prevent overcrowding as mandated by the Eighth Amendment to the United States Constitution.

16. This injunction shall be reviewed two (2) years from the day it is adopted by the Court to determine whether the injunction should be renewed. Either party may, for good cause shown, request that the injunction be extended for an additional two (2) years.

IT IS SO ORDERED this 11th day of May, 2018.

/s/ Susan J. Dlott
Susan J. Dlott, Judge
United States District Court

HAVE SEEN AND AGREE:

/s/ James W. Harper
James W. Harper
Assistant Hamilton County Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, OH 45202-2151
513-946-3159
Email: james.harper@hcpros.org

/s/ Robert Brand Newman
Robert Brand Newman
Newman & Meeks Co LPA
215 East 9th St., Suite 650
Cincinnati, OH 45202
513/639-7000
Fax: 513-639-7000
Email: robertnewman@newman-meeks.com

/s/ Pamela J. Sears
Pamela J Sears
Assistant Hamilton County Prosecutor
230 East Ninth Street, Suite 4000
Cincinnati, OH 45202
513/946-3082
Fax: 946-3018
Email: pam.sears@hcpros.org

/s/Christina J. Schaefer
Christian J. Schaefer
Assistant Hamilton County Prosecutor
230 E Ninth Street, Suite 4000
Cincinnati, OH 45202-2151
513-946-3041
Fax: 513-946-3044

/s/ Jerome A. Kunkel
Jerome A Kunkel
Assistant Hamilton County Prosecutor's Office
230 East 9th Street, Suite 4000
Cincinnati, OH 45202
513-946-3103
Email: jerry.kunkel@hcpros.org

/s/ Jay R. Wampler
Jay R. Wampler
Assistant Hamilton County Prosecutor's Office
230 E. Ninth Street
Cincinnati, OH 45202
513-946-3169
Fax: 513-946-3018
Email: jay.wampler@hcpros.org

COUNSEL FOR DEFENDANT

532082

/s/ Michael Jay O'Hara
Michael Jay O'Hara
O'Hara, Taylor, Sloan & Cassidy
PO Box 17411
25 Crestview Hills Mall Road
Suite 201
Crestview Hills, KY 41017
859-331-2000
Email: mohara@oharataylor.com

/s/ Marc David Mezibov
Marc David Mezibov
Mezibov Butler
615 Elsinore Place
Suite 105
Cincinnati, OH 45202
513/621-8800
Fax: 513/621-8833
Email: mmezibov@mezibov.com

COUNSEL FOR PLAINTIFF